# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Renata P. Maglietti
     Plaintiff,

v.

R. James Nicholson, Secretary, Dept. of Veteran Affairs
     Defendant(s).

Case No. 3:05cv1819 (JCH)
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: Canton, CT

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: Dept. of Veterans Affairs, 810 Vermont Ave. N.W., Washington, D.C.

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

__X__ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

__X__ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Date of Birth is: 10-7-1952

__X__ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which

constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

___ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ___ Failure to hire me. I was refused a job on the following date(s): _____.

(B) ___ Termination of my employment. I was terminated from my employment on the following date: _____.

(C) ___ Failure to promote me. I was refused a promotion on the following date(s): _____.

(D) _X_ Other acts as specified below:

Reassignment as a Result of defamation of Character, Improper Procedures for VA Agency Grievance, False Accusations, Misrepresentation of facts, Denial of Reasonable Accomodation, Civil Rights violated

5. The conduct of the Defendant(s) was discriminatory because it was based upon:

race [X], color [ ], religion [ ], sex [X], age [X], national origin [ ] or disability [X]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: denial of Reasonable accomodation violation of civil Rights

2

6. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

_____See attached_____

7. The approximate number of persons who are employed by the Defendant employer I am suing is: __250,000__

8. The alleged discrimination occurred on or about the following date(s) or time period: __June 04, Jan. 05__.

9. I filed charges with the:

   __X__ Equal Employment Opportunity Commission     1st case 9/9/05
                                                      2nd cool 9/12/05

   ____ Connecticut Commission on Human Rights and Opportunities

10. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: _____.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

3

11. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: _____

_see attached_

12. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13. WHEREFORE, Plaintiff(s) pray(s) that:

The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

    ___ Injunctive orders (specify the type of injunctive relief sought): _____ ;

    ___ Backpay;

    _X_ Reinstatement to my former position;

    _X_ Monetary damages (specify the type(s) of monetary damages sought): _Illegal detail to alternate site, gas mileage for the days spent, depreciation of vehicle_

    _X_ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): _Compensatory for cost of phonecalls, mailings., time on case_ ;

    AND costs and attorneys' fees.

4

## JURY DEMAND

I hereby DO _____ DO NOT _____ demand a trial by jury.

*I do not understand what to do here*

_____
Original signature of attorney (if any)

*Renata P Maglietti*
Plaintiff's Original Signature

_____
Printed Name

*Renata P. Maglietti*
Printed Name

*145 Cherry Brook Rd*
*Canton, CT 06019*

( ) _____
Attorney's full address and telephone

*(860) 693-1243*
Plaintiff's full address and telephone

*fourrsmag@msn.com*

_____
Email address if available

Email address if available

Dated: _____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at *Canton, CT* on *11-26-05*.
         (location)              (date)

*Renata P Maglietti*
Plaintiff's Original Signature

(Rev. 8/25/04)

5

Re: Renata P. Maglietti

V

R. James Nicholson

Addendum to Question 6.

6. I was given a reassignment notice with 5 days notice. The agency told me that is was for my safety. When I reached my workstation there was an armed police officer at my workstation. There was no investigation prior the action . The agency grievance was done incorrectly 3 times and the answer kept getting rescinded. The deciding official was given false information including statements that involved defamation of character. The agency violated the seniority rule. I asked for reasonable accommodation which was denied. The agency did not reply in the appropriate time, there was no interactive process . The Reasonable Accommodation Committee did not meet. I have suffered loss of pay due to the 17,000 mile per year extra traveled. The commute is adverse to my health.

Addendum to Question 11

11. The EEOC did not take testimony from all the individuals involved, The EEOC did not even interpret the testimony that they had correctly. The EEOC said that an individual made the decision for a certain reason. The individual testified that they did not make the decision. The EEOC did not bring up in the discussion why the proper procedures where not followed such as the " interactive process" and other rules set forth by the Reasonable Accommodation Committee ( RAC), The EEOC interviewed a member of Human Resources that was not involved in the case, instead of the one I listed. The EEOC assumed that the allegations made about me were true ( my actions and behavior) . The EEOC did not interview the first line people that should have been informed on the request for accommodation.